Receipt Number
538098



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA R. SEELEY, and
SCOTT R. SEELEY,

     Plaintiffs,

vs.

INFINITY MORTGAGE CORPORATION,
GOLDEN TITLE INSURANCE AGENCY, INC.,
WILMINGTON FINANCE, a Division of AIG, FSB
and MOREQUITY, INC., jointly and severally,

     Defendants.

**Case: 2:06-cv-10505**
**Assigned To : Rosen, Gerald E**
**Referral Judge: Pepe, Steven D**
**Assign. Date : 02/06/2006 @ 4:37 P.M.**
**Description: REM**
**THERESA R. SEELEY, ET AL V.**
**INFINITY MORTGAGE CORP., ET AL (TAM)**

Oakland County Circuit Court
Case No. 05-071468-CZ

/

| | |
|---|---|
| Matthew A. Gibb (P52812)<br>Gibb Law Firm, P.C.<br>Attorneys for Plaintiffs<br>47678 Van Dyke<br>Shelby Township, Michigan 48317<br>(586) 739-9060 | Frank A. Misuraca (P55643)<br>Kaufman Payton & Chapa<br>Attorneys for Defendant Infinity Mortgage<br> Corporation<br>30833 Northwestern Hwy.<br>200 Kaufman Financial Center<br>Farmington Hills, Michigan 48334<br>(248) 538-5074 |
| Michelle Thurber Czapski (P47267)<br>Dickinson Wright PLLC<br>Attorneys for Defendants Wilmington Finance<br> and Morequity, Inc.<br>500 Woodward Ave., Suite 4000<br>Detroit, Michigan 48226-3425<br>(313) 223-3500 | Ajay K. Gupta (P45739)<br>Howard & Gupta PC<br>Attorneys for Defendant Golden Title<br> Insurance Agency, Inc.<br>1020 Springwells St.<br>Detroit, Michigan 48209<br>(313) 849-0567 |

/

## NOTICE OF REMOVAL

TO: Clerk for the       Matthew A. Gibb
   Oakland County Circuit Court  Gibb Law Firm, P.C.
   1200 N. Telegraph Rd.    47678 Van Dyke
   Pontiac, Michigan 48341   Shelby Township, Michigan 48317

Defendants Infinity Mortgage Corporation, Golden Title Insurance Agency, Inc., Wilmington Finance, a division of AIG, FSB and Morequity, Inc. ("Defendants"), by and through their respective undersigned counsel, hereby remove this action from the 6th Judicial Circuit Court for the County of Oakland, State of Michigan, where it is pending, to the United States District Court for the Eastern District of Michigan.

In support of its Notice of Removal, Defendants state:

1. On or about December 29, 2005, Plaintiffs commenced an action against Defendants in the 6th Judicial Circuit Court for the County of Oakland, State of Michigan, by filing a Complaint entitled: Theresa R. Selley [sic], and Scott R. Seeley, v. Infinity Mortgage Corporation, Golden Title Insurance Agency, Inc., Wilmington Finance, a Division of AIG, FSB, and MorEquity, Inc., jointly and severally, which was assigned Case Number 05-071468 and assigned to the Hon. Denise Langford Morris.

2. This Notice of Removal is filed within thirty (30) days after service of the Summons and Complaint on the Defendants on or after January 5, 2006. Therefore, this notice is timely under 28 U.S.C. §§ 1441 and 1446.

3. The attached Summons and Complaint constitute all process, pleadings and orders served upon Defendants in this action.

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' Complaint contains a count seeking relief under the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

5. This action is therefore removable to this Court pursuant to 28 U.S.C. § 1441 because it is within this Court's original federal question jurisdiction.

6.    This Notice of Removal will be served upon Plaintiffs' counsel by mail and filed with the Clerk of the 6th Judicial Circuit Court, County of Oakland, State of Michigan, pursuant to 28 U.S.C. § 1446(d).

DICKINSON WRIGHT PLLC

By: _____
    Michelle Thurber Czapski (P47267)
Attorneys for Wilmington Finance and
    Morequity, Inc.
500 Woodward Ave., Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3500

KAUFMAN PAYTON & CHAPA

By: _____ w/consent tin Jc
    Frank A. Misuraca (P55643)
Attorneys for Defendant Infinity Mortgage
    Corporation
30833 Northwestern Hwy.
200 Kaufman Financial Center
Farmington Hills, Michigan  48334
(248) 538-5074


HOWARD & GUPTA PC

By: _____ w/consent tin Jc
    Ajay K. Gupta (P45739)
Attorneys for Defendant Golden Title
    Insurance Agency, Inc.
1020 Springwells St.
Detroit, Michigan  48209
(313) 849-0567


Dated:  February 6, 2006

DETROIT 26664-62 920198v1

3

Legal Software, Inc
(800) 530-2256
Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

05-071468-cz

| STATE OF MICHIGAN | | |
|---|---|---|
| | JUDICIAL DISTRICT | |
| 6th | JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT |
| | COUNTY PROBATE | |

200

JUDGE D. LANGFORD MORRIS
SELLEY,THERES V INFINITY MO'

**Court address**
1200 N Main St Pontiac MI

Plaintiff name(s), address(es) and telephone no(s)
THERESA R SEELEY
SCOTT R SEELEY

v

Defendant name(s), address(es), and telephone no(s)
INFINITY MORTGAGE CORPORATION,
GOLDEN TITLE INSURANCE AGENCY,
INC ,
WILMINGTON FINANCE, a Division of
AIG,FSB, and
MOREQUITY, INC , jointly and severally,

Plaintiff attorney, bar no , address, and telephone no
Matthew A  Gibb (P52812)
47678 Van Dyke
Shelby Township MI 48317
586.739.9060

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan, you are notified
1  You are being sued.
2  **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state)
3  If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| DEC 2 7 2005 | MAR 3 0 2006 | RUTH JOHNSON |

*This summons is invalid unless served on or before its expiration date

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff.  Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are

| Docket no | Judge | Bar no |
|---|---|---|
| | | |

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are

| Docket no | Judge | Bar no |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Macomb, Macomb County | Southfield, Oakland County |

Place where action arose or business conducted
Southfield Oakland County

Date 10/3/05

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements

MC 01  (6/03) SUMMONS AND COMPLAINT      MCR 2 102(B)(11), MCR 2 104, MCR 2 105, MCR 2 107, MCR 2 113(C)(2)(a),(b), MCR 3 206(A)

| SUMMONS AND COMPLAINT |
|---|
| Case No |

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2 104(A)(2)], and that. (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that (notary required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s)

| Defendant's Name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s)

I have made the following efforts in attempting to serve the defendant(s) _____

☐ I have personally attempted to serve the summons and complaint, together with _____
Attachment

_____ on _____
Name

at _____ and have been unable to complete service because
Address

the address was incorrect at the time of filing.

| Service Fee | Miles Traveled | Mileage Fee | Total Fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | |

Title _____

Subscribed and sworn to before me on _____ . _____ County, Michigan
Date

My commission expires _____ Signature _____
Date    Deputy court clerk/Notary Public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

05-071468-CZ

THERESA R SELLEY, and
SCOTT R SEELEY,

2005 DEC 29 P 3: 5

BY:_____
DEPUTY COUNTY CLERK

Plaintiffs,

JUDGE D. LANGFORD MORRIS
SELLEY,THERES V INFINITY MORT

v                                                               2005 -          - CZ

INFINITY MORTGAGE CORPORATION,
GOLDEN TITLE INSURANCE AGENCY, INC ,
WILMINGTON FINANCE, a Division of AIG,FSB, and
MOREQUITY, INC , jointly and severally,

Defendants,

_____

GIBB LAW FIRM, P C
Matthew A. Gibb (P52812)
Attorney for Plaintiff's
47678 Van Dyke
Shelby Township, MI 48317
(586) 739-9060

_____

**THERE IS NO PENDING OR RESOLVED CIVIL ACTION BETWEEN THESE PARTIES OR
ARISING OUT OF THE GTRANSACTIONS AND OCCURENCES ALLEGED HEREIN**

# COMPLAINT

Now comes the Plaintiffs' THERESA R SELLEY, and SCOTT R SEELEY, by and through their attorney, Matthew A Gibb, who states for Plaintiff's complaint the following,

1       Plaintiff's are individuals residing in the County of Macomb, state of

Michigan, and parties to the transactions alleged herein.

2       Defendant, INFINITY MORTGAGE CORPORATION, is a duly formed

Michigan corporation doing business in the City of Southfield, Oakland

County, state of Michigan.

3    Defendant, GOLDEN TITLE INSURANCE AGENCY, INC , is a duly formed Michigan corporation doing business in the City of Farmington Hills, Oakland County, state of Michigan

4    The Defendant, WILMINGTON FINANCE, a Division of AIG,FSB, is a registered foreign corporation doing business in the County of Oakland, state of Michigan

5    The Defendant, MOREQUITY, INC , is a registered foreign corporation doing business in the County of Oakland, state of Michigan

6    The transactions alleged herein occurred primarily in the City of Southfield, Oakland County, Michigan

7    The amounts claimed herein are within the jurisdictional limits of this Court.

## GENERAL ALLEGATIONS

8    Plaintiff's restate allegation No 's 1-7 as if fully set forth herein

9    In 2004 Plaintiff's were solicited by Defendant, Infinity Mortgage,  for the purpose of securing a mortgage for real property owned by Plaintiff's, such mortgage to be a first mortgage upon such real property

10    During the course of negotiating a final loan package, including all terms of rate, length and payment, certain representations and promises were made both in writing and verbally by Defendants

11    At no time during the presentment or negotiation of a loan for Plaintiff's residential real estate was the issue or condition of a prepayment clause discussed or made known to the Plaintiffs by Defendants

2

12    A loan was secured through Infinity Mortgage, eventually being assigned loan
      number F040506032, which was prepared for closing.

13    At the closing of the loan, agents working with authority of the Defendants,
      presented to the Plaintiff's a document entitled Prepayment Rider Note

14    The Plaintiff's rejected the demand to execute the document, and refused to
      agree to the condition of a prepayment penalty on the offered loan

15    Agents for the Defendants expressly agreed that the prepayment rider was not
      necessary to the closing of the loan, and completed the loan closing.

16    All sums agreed upon pursuant to the loan were paid in accord with the
      settlement statement

17    Subsequent to the closing of the loan by Defendants, several events occurred,
      including but not limited too,

      a.  Someone holding the original loan package, while in Defendants exclusive
          possession, forged the names of Plaintiff's upon the document entitled
          "Prepayment Rider Note",

      b   The Loan package was processed, including the forged "Rider", and the
          mortgage sold to the complicit Defendants named herein,

      c.  Defendant did not provide copies of the forged document to Plaintiffs,
          despite having included it in the final loan package,

18    In May 2005, approximately one year after closing the loan with defendants,
      the Plaintiff's sold the real property, and scheduled a closing through which
      the loan with the Defendant would be paid and satisfied.

3

19    Immediately prior to the closing on the home, the Plaintiff's were first

informed that the Defendant claimed a prepayment penalty was due and

owing, due to the execution of a prepayment rider to the original mortgage

20    The prepayment rider being relied upon to demand a penalty was the forged

document, executed by an agent of the Defendant following the closing, and

included within the processed loan without the knowledge or consent of the

Plaintiff's

21.    In an effort to mitigate the potential damages delaying closing on the real

property, the Plaintiff's elected to pay the prepayment penalty as part of the

closing

22    Demand has been made by Plaintiffs to Defendant for reimbursement due to

the forged "Rider", and all demands of Plaintiff's have been ignored or

rejected

### COUNT I - PROMISSORY ESTOPPEL

23    Plaintiff's restate allegation No 's 1-22 as if fully set forth herein

24.    Defendants, through their authorized agent, made certain promises, including

but not limited too,

a.    There was no prepayment penalty as a condition of the loan,

b.    The presented document entitled "Prepayment Rider Note" was not a

condition of the closing and would not be a part of the loan package,

25.    Defendants made these representations to induce the plaintiff's into relying on

the representations, close the loan, and begin paying on an incorrect mortgage

note

4

26    Plaintiff's did reasonably rely on the representations and were forced to

mitigate the damages caused by the forged "Prepayment Rider Note"

27    As a direct result of Defendants promises the Plaintiff's have been damaged,

and will continue to be damaged

28    Defendant's liability is evidenced by its conduct, and the personal

representations of its agents

Therefore, Plaintiffs pray that this court award Plaintiff damages in an amount

sufficient under the above stated causes of action and not less than $50,000 plus all

attorney fees and costs wrongfully incurred by Plaintiff's in having to bring this action

## COUNT II - BREACH OF COMMITMENT TO LEND

29    Plaintiff's restate allegation No 's 1-28 as if fully set forth herein

30    Plaintiff's and Defendant reached a separate and identified agreement to enter

a mortgage note with no prepayment penalty

31    Defendants have breached the agreement to lend

32    The conduct of Defendant's in inducing Plaintiff's into an incorrect loan,

intentionally misleading Plaintiff's, and forging loan documentation, results in

the parties' agreement being exempt from the Statute of Frauds

33.    As a direct and proximate result of Defendant's breach the Plaintiff's have

been damaged, such damages including, but not limited too, the forced

payment of a penalty upon satisfaction of the loan

Therefore, Plaintiffs pray that this court award Plaintiff damages in an amount

sufficient under the above stated causes of action and not less than $50,000 plus all

attorney fees and costs wrongfully incurred by Plaintiff's in having to bring this action

5

## COUNT III - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34.    Plaintiff's restate allegation No 's 1-33 as if fully set forth herein

35    The parties' entered into an agreement for the financing of Plaintiff's mortgage note on their personal residence

36    The agreement reached by the parties included an implied covenant that the parties would deal in good faith and with fairness

37    Defendants duty of good faith included an obligation to perform those promises and representations made during the course of the sales transaction, as well as, those made a part of the agreement by Defendants status as a lender

38    Defendants have breached the implied covenant of good faith and fair dealing

39    As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing the Plaintiff's have been damaged

Therefore, Plaintiffs pray that this court award Plaintiff damages in an amount sufficient under the above stated causes of action and not less than $50,000 plus all attorney fees and costs wrongfully incurred by Plaintiff's in having to bring this action

## COUNT IV - FRAUD AND MISREPRESENTATION

40.    Plaintiff's restate allegation No.'s 1-39 as if fully set forth herein.

41    Defendants made representations to Plaintiff's concerning material facts of the residential loan contemplated by the parties, particularly the prepayment penalty.

42    The representations made by Defendants were false at the time they were made

6

43. Defendants, through their agents, knew that the representations were false, or made them with reckless disregard for the truth

44 Defendant's made the representations intending that Plaintiff's rely upon them and enter a loan

45 Plaintiff's did rely on the representations and are now being continually damaged by the false and misleading representations

Therefore, Plaintiffs pray that this court award Plaintiff damages in an amount sufficient under the above stated causes of action and not less than $50,000 plus all attorney fees and costs wrongfully incurred by Plaintiff's in having to bring this action

### COUNT V - VIOLATION OF TRUTH IN LENDING ACT

46 Plaintiff's restate allegation No 's 1-45 as if fully set forth herein

47 Defendants actions in the sale and processing of the loan to Plaintiff was a violation of 15 USCA 1601 et seq

48 Defendant failed to make proper disclosure under the Truth in Lending Act, including but not limited to failure to disclose the prepayment penalty, payment, note or other information for the basis of the loan

49 Defendant failed to make proper disclosure under the Truth in Lending Act by failing to provide certain documentation of the loan to Plaintiff's, including that Defendants had forged a material document binding the Plaintiff's to a prepayment penalty

50 Defendants failure to provide all proper documentation of the loan is a violation of Truth in Lending Regulation Z 226 et seq

7

51    Due to Defendants gross violations of the Truth in Lending Act Plaintiff's are

entitled to damages, attorney fees and all other statutorily supported charges

Therefore, plaintiffs pray that this court award Plaintiff damages in an amount

sufficient under the above stated causes of action and not less than $50,000 plus all

attorney fees and costs wrongfully incurred by Plaintiff's in having to bring this action

## COUNT VI - VIOLATION OF MORTGAGE BROKERS, LENDERS AND SERVICERS LICENSING ACT

52    The Plaintiff's restate allegations 1-51 as if fully set forth herein.

53    The Defendants, Infinity Mortgage, Willmington Finance and MorEquity, era

subject to the statutory provisions of Act 173 of 1987, the same being the

Mortgage Brokers, Lenders, and Servicers Licensing Act

54    The Act prohibits any properly licensed entity under such act from engaging

in fraud, deceit or material misrepresentation

55    Defendant actions of forgery upon a material document is a direct violation of

the Act, particularly, MCL 445 1672(b).

56    The actions of Defendant in forging and attempting to enforce the prepayment

rider, constitutes a violation of MCL 438 31c, the same being part of Act 326

of 1966, in that it charges an unlawful interest/penalty

Therefore, Plaintiffs pray that this court award Plaintiff damages in an amount

sufficient under the above stated causes of action and not less than $50,000 plus all

attorney fees and costs wrongfully incurred by Plaintiff's in having to bring this action

## COUNT VII - VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

57    Plaintiff's restate allegations 1-56 as if fully set forth herein

8

58    The Defendants are subject to the provisions of the Michigan Consumer
      Protection Act, particularly as the same refers to MCL 445 901 et seq

59.   Defendants have violated Section 3 of the MCPA, MCL 445 903, as such
      section declares unlawful unfair, unconscionable, or deceptive methods, acts
      or practices in the conduct of trade or commerce

60    Defendants conduct constitutes a violation of MCL 445 903(1), including, but
      not limited too, the following subsections,

      h.  Making representations of fact material to the transaction such that a
          person reasonably believes the represented or suggested state of affairs to
          be other than it really is, in violation of MCLA 445 903(bb),

      i   Failing to reveal facts that are material to the transaction, in violation of
          MCLA 445 903(cc).

      n.  Causing a probability of confusion or of misunderstanding as to the legal
          rights, obligations, or remedies of the parties,

      t.  Entering into a consumer transaction in which the consumer waives or
          purports to waive a right, benefit, or immunity provided by law, unless the
          waiver is clearly stated and the consumer has specifically consented to it,

      z.  Charging the consumer a price that is gross excess of the price at which
          similar services are sold

61    As a result of the many violations of the Defendants, the Plaintiff's are
      entitled to Damages and Attorney Fees

9

Therefore, Plaintiffs pray that this court award Plaintiff damages in an amount

sufficient under the above stated causes of action and not less than $50,000 plus all

attorney fees and costs wrongfully incurred by Plaintiff's in having to bring this action

October 31, 2005

Respectfully Submitted,

GIBB LAW FIRM, P C

Matthew A. Gibb (P52812)
Attorney for Plaintiff
586 739 9060

10

SEE "PREPAYMENT RIDER TO NOTE" ATTACH  HERETO AND MADE ? PART HEREOF.

# NOTE

LOAN NO.: F040506032

## PAID IN FULL

MAY 17, 2004 [Date]                 FARMINGTON HILLS [City]                 MICHIGAN [State]

17462 COUNTRY CLUB DRIVE, MACOMB, MI 48042.
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $    283,800.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is

Wilmington Finance, a division of AIG Federal Savings Bank

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    5.990    %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    1st    day of each month beginning on    JULY, 2004    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    JUNE 01, 2034    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at Wilmington Finance, a division of AIG Federal Savings Bank
PO Box 209, Plymouth Meeting, PA  19462                        or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $    1,699.70    .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

Initials: _____

**5. LOAN CHARGES**

   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

   **(A) Late Charge for Overdue Payments**

   If the Note Holder has not received the full amount of any monthly payment by the end of          **15**      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be          **5.000**      % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   **(B) Default**

   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   **(C) Notice of Default**

   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   **(D) No Waiver By Note Holder**

   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   **(E) Payment of Note Holder's Costs and Expenses**

   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

   I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)    _____ (Seal)
THERESA R. SEELEY                        -Borrower    SCOTT R. SEELEY                         -Borrower

_____ (Seal)    _____ (Seal)
                                         -Borrower                                           -Borrower

_____ (Seal)    _____ (Seal)
                                         -Borrower                                           -Borrower

_____ (Seal)    _____ (Seal)
                                         -Borrower                                           -Borrower

MAY. 24. 2004  1:19PM    WILMINGTON FINANCE                    NO. 3667    P. 2

LOAN NO.: F040508032

# PREPAYMENT RIDER TO NOTE

The Note dated        **MAY 17, 2004**        between

Wilmington Finance, a division of AIG Federal Savings Bank

(Lender) and

THERESA R. SEELEY AND SCOTT R. SEELEY

(Borrower or I)

is hereby amended as follows:

1.        **Additional Covenants.** Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender covenant, and agree, that the provisions of the section of the Note entitled "BORROWER'S RIGHT TO PREPAY" or "BORROWER'S PAYMENTS BEFORE THEY ARE DUE" are amended to read as follows:

Subject to the Prepayment Penalty provided below, I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." A "Full Prepayment" is the prepayment of the entire unpaid Principal due under the Note. A payment of only part of the unpaid Principal is known as a "Partial Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

If, within the   60   month period beginning with the date I execute the Note (the "Penalty Period"), I make a Full Prepayment, or Partial Prepayment in any twelve (12)-month period that exceeds 10% of the original Principal loan amount, I will pay a Prepayment charge as consideration for the Note Holder's acceptance of such Prepayment. The Prepayment charge will equal  5.000  % of the then Principal balance of the Note. No Prepayment charge will be assessed for any Prepayment occurring after the Penalty Period.

This Rider will remain in full force and effect unless the Note is transferred by Lender and the Borrower is notified in writing by the new Note Holder that such Note Holder, at its sole option, has declared the Rider null and void. If the Rider is declared null and void, the original Note terms shall remain in full force and effect.


_____ (Seal)          _____ (Seal)
THERESA R. SEELEY                -Borrower        SCOTT R. SEELEY                  -Borrower


_____ (Seal)          _____ (Seal)
                                 -Borrower                                        -Borrower

Lender Support Systems, Inc. FMC-WIL.ROR (02/04)

**CIVIL COVER SHEET**   COUNTY IN WHICH THIS ACTION AROSE: _____ Oakland

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**
THERESA R. SEELEY, and SCOTT R. SEELEY,

**DEFENDANTS**
INFINITY MORTGAGE CORPORATION, GOLDEN TITLE INSURANCE AGENCY, INC., WILMINGTON FINANCE, a Division of AIG, FSB and MOREQUITY, INC., jointly and severally

**(b)** County of Residence of First Listed: _____ Macomb
2677

County of Residence of First Listed: _____ Oakland
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Name, Address and Telephone Number)
Matthew A. Gibb (P52812)
Gibb Law Firm, P.C.
47678 Van Dyke
Shelby Twp., Michigan 48317
(586) 739-9060

Attorneys (If Known)
Michelle Thurber Czapski (P47267)
Dickinson WRight PLLC
500 Woodward Ave., Suite 4000
Detroit, Michigan 48226-3425
(313) 223-3500

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment and Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel And Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury- Med. Malpractice
☐ 365 Personal Injury- Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☒ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act.

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. SEction 1601 et seq.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VII. RELATED CASE(S) IF ANY**
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE
February 6, 2006

SIGNATURE OF ATTORNEY OF RECORD
Michelle Thurber Czapski (P47267)

# PURSUANT TO LOCAL RULE 83.11

1.    **Is this a case that has been previously dismissed?**    ☐ **Yes**
                                                               ☒ **No**

 **If yes, give the following information:**

**Court:** _____

**Case No.:** _____

**Judge:** _____


2.    **Other than stated above, are there any pending or previously**    ☐ **Yes**
      **discontinued or dismissed companion cases in this or any**    ☒ **No**
      **other court, including state court?  (Companion cases are**
      **matters in which it appears substantially similar evidence will**
      **be offered or the same or related parties are present and the**
      **cases arise out of the same transaction or occurrence.)**

**If yes, give the following information:**

**Court:** _____

**Case No.:** _____

**Judge:** _____


Notes: